

FILED

**NOT FOR PUBLICATION**

JUL 05 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RADHIKA RANI,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 07-72296<br><br>Agency No. A079-262-394<br><br>MEMORANDUM[*] |
| RADHIKA RANI,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 08-70818<br><br>Agency No. A079-262-394 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2011
San Francisco, California

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PAEZ, BERZON, and BEA, Circuit Judges.

Radhika Rani petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Rani further petitions for review of the BIA's denial of her motion to reopen her proceedings. We grant both petitions and remand to the BIA.

1. Substantial evidence supports the BIA's determination that Rani has not established a "pattern and practice" of persecution against Indo-Fijians in Fiji. The State Department Country Report on Fiji states that ethnic discrimination is a "serious problem" and that Indo-Fijians are underrepresented in the Fijian government. But "discrimination on the basis of race . . . does not ordinarily amount to 'persecution.'" *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995). The documentary evidence also fails to establish that Indo-Fijians are a "disfavored group" because, while the evidence demonstrates widespread discrimination against Indo-Fijians, it does not establish that a significant number of members of the group have been persecuted. *See Wakkary v. Holder*, 558 F.3d 1049, 1064 (9th Cir. 2009) (holding that a "disfavored group" is one "whose members are shown to

2

have been widely targeted for discrimination, a substantial number of whom are shown to have been persecuted").

2.     The BIA erred, however, in failing to address Rani's argument that she herself had suffered past persecution, which would have entitled her to a presumption of a well-founded fear of future persecution and shifted the burden of proof to the government to rebut that presumption. *See Ali v. Holder*, 637 F.3d 1025, 1029 (9th Cir. 2011); 8 C.F.R. § 1208.13(b)(1). Rani's original notice of appeal challenged the IJ's determination the she had not experienced past persecution, and she raised the issue in her brief to the BIA. Specifically, she argued that "[a]ll the evidence in the record indicates that she has experienced horrendous persecution and will possibly suffer more of the same if she returns to Fiji. . . . Thus, through both her past persecution and likelihood of future persecution in Fiji, Ms. Rani has established a well-founded fear of future

persecution." Rani's past persecution claim was therefore properly exhausted before the BIA, yet the agency failed to address it.[1]

Because the BIA failed to rule on the past persecution portion of Rani's asylum claim, we must remand for the agency to address the issue in the first instance. We must also remand Rani's withholding claim, as "a showing of past persecution entitles an alien to a presumption of eligibility for withholding of removal." *Ali*, 637 F.3d at 1029 n.2; *see also* 8 C.F.R. § 1208.16(b)(1). If the BIA determines that Rani suffered past persecution, the agency must then consider whether the government has rebutted the presumption of future fear by a preponderance of the evidence. *See Ali*, 637 F.3d at 1029. In doing so, the agency must conduct "an 'individualized analysis' tailored to [Rani's] particular

---

[1] Contrary to the dissent's assertion, Rani did raise her past persecution claim in her opening brief to this court. She maintained that "[i]n the absence of an express adverse credibility finding, the Agency must assume that the applicant's factual contentions are true," and went on to explain that

> she testified that she was a victim of hate crimes that was caused by the natives. She was attacked at the bus stop by a Fijian man who tried to get money from her. The Fijian man kicked her and told her, 'you Indian, go, go back to India, you people are taking our country.'

She also said that "[s]he tried complaining to the local police, but no report was taken." Rani also argued that once past persecution is established, a rebuttable presumption of a well-founded fear of future persecution arises. Thus, the issue was both exhausted and properly raised before us.

4

situation." *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010); *see also Ali*, 637 F.3d at 1030-31.

3.     Rani presented no evidence that she would be subjected to torture if removed to Fiji. Thus, the BIA correctly denied Rani's CAT claim.

4.     Whether the BIA abused its discretion in denying Rani's motion to reopen depends in part on whether Rani suffered from past persecution. As this court explained in *Ali*, a petitioner who has "established past persecution . . . enjoy[s] the presumption of a well-founded fear of persecution." *Ali*, 637 F.3d at 1032. If that petitioner files a motion to reopen premised on changed country conditions, the BIA must "consider[] how the changed country conditions impact[] that presumption." *Id.*

*Ali* was also a case concerning persecution of Indo-Fijians in Fiji, and, like Rani, Ali had filed a motion to reopen regarding the 2006 military coup in Fiji. This court held that "[t]he new material, detailing the 2006 coup, could have made it more difficult for the Government to rebut Ali's presumption of a well-founded fear of future persecution. Certainly, there is a 'reasonable likelihood' that the Government could have been unable to do so." *Id.* (quoting *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010)). The BIA abused its discretion in denying Ali's

5

motion to reopen because it failed to consider the motion in light of the presumption of well-founded fear of persecution. *Id.*

In this case, we do not know if Rani is entitled to such a presumption, and thus cannot determine whether the BIA abused its discretion in denying her motion to reopen. We therefore remand to the agency to reconsider the motion in light of its past persecution determination and the analysis set forth in *Ali.*

**Petitions GRANTED in part and REMANDED.**

Rani v. Holder, No. 07-72296 & 08-70818

BEA, Circuit Judge, concurring in part and dissenting in part:

I respectfully dissent from the majority's remand to the BIA.[1]

As a initial matter, Rani has waived the purported "claim" on which the majority remands. The majority concludes that the BIA erred "in failing to address Rani's argument that she herself had suffered past persecution, which would have entitled her to a presumption of a well-founded fear of future persecution." Maj. at 3. But Rani *herself* never argued before this court that the BIA erred when it failed to address past persecution—not in her opening brief, not in her reply brief, and not at oral argument. We review only issues which are "argued specifically and distinctly in a party's opening brief." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 2004). Rani did not raise the BIA's purported failure to address a past persecution claim in her opening brief. Indeed, she failed to raise the issue to this court *at all*. I cannot concur in the majority's decision to remand this case on the basis of an argument which it invents for Rani, which the government never had an opportunity to address.[2]

---

[1] I concur in the majority's denial of Rani's CAT claim, and in its determination that substantial evidence supports the BIA's determination that Rani has not established a "pattern and practice" of persecution against Indo-Fijians in Fiji.

[2] The majority constructs a claim for Rani based upon 1) the facts alleged in her brief (although, notably, Rani *never* tied those facts to a claim of past

Moreover, I do not think the BIA erred. Rani's brief before the BIA mentioned past persecution *only* in support of her contention that she had a well-founded fear of future persecution were she to return to Fiji.[3] As the majority notes, the *only* mention of past persecution in Rani's brief to the BIA was in the following passage: "*through both her past persecution* and her likelihood of future persecution in Fiji, Ms. Rani *has established a well-founded fear of future persecution*" (emphasis added). In response to this argument, the BIA held: "respondent has not established a well-founded fear of future persecution." Clearly, on its way to rejecting Rani's contention that she had a well-founded fear of future persecution, the BIA *also* rejected the twin bases for that contention: 1) that Rani had suffered past persecution, and 2) that Rani had established a likelihood of future persecution in Fiji.

True, the BIA might have published an opinion with an extensive discussion

---

persecution) and, 2) her formulaic recitation of the standard for establishing a well-founded fear of future persecution. *See* Maj. Op. at 4 n.1. But not once in Rani's opening brief did Rani "specifically and distinctly" argue that she had actually been subject to past persecution, much less that the BIA erred by failing to address a past persecution claim. *Compare Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 2004) (this court reviews only issues raised "specifically and distinctly" in a party's opening brief).

[3] As the majority correctly notes, a finding of past persecution would have entitled Rani to a presumption of a well-founded fear of future persecution, and shifted the burden of proof to the government to rebut that presumption. Maj. Op. at 3.

of the various reasons Rani's past persecution claim failed. But why would it? Rani's brief to the BIA contained neither analysis nor citation to legal authority in support of her brief contention that she had experienced past persecution. Instead, Rani raised a past persecution claim to the BIA only through a throwaway line in her brief, unmoored from any discussion of law or facts. The BIA thus had no reason further to discuss or analyze her claim.

In short, the majority—in its zeal to grant Rani's petition—looks past the issues which were briefed in this court, and conducts a de novo review of the administrative record. The majority then seizes upon a single line in Rani's brief to the BIA, faults the BIA for not adequately addressing that line, and remands to the BIA so that it may do so. Of course, on remand, the BIA will almost certainly find—for the *second* time—that Rani has not established past persecution, and therefore is not entitled to a presumption of a well-founded fear of future persecution. This determination will come as no surprise to anyone—least of all Rani, who did not bother seriously to raise a past persecution claim before the BIA, and abandoned such a claim entirely before this court. I cannot concur in the majority's decision needlessly to protract these proceedings.

For the foregoing reasons, I respectfully dissent.