**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RADHIKA RANI,

    Petitioner,

 v.

LORETTA E. LYNCH, Attorney General,

    Respondent.

No. 12-72210

Agency No. A079-262-394

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 18, 2016[**]
San Francisco, California

Before: NOONAN, GOULD, and FRIEDLAND, Circuit Judges.

Petitioner Radhika Rani, a citizen of Fiji, appeals the BIA's denial of her application for asylum based on abuses she endured as a result of her Indo-Fijian heritage. She also appeals the BIA's denial of her motion to reopen. We deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This Court reviews a denial of an application for asylum for substantial evidence. *Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013). Under this standard, a petitioner must show that "no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 484 (1992). The BIA's factual determinations are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). When the BIA conducts its own review of the law and facts, our review "is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000). Where "the BIA adopts the IJ's decision while adding some of its own reasoning, we review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Holder*, 637 F.3d 1025, 1029 (9th Cir. 2011). Under this standard, we will reverse the BIA's denial only if it is "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

1. Substantial evidence supports the BIA's finding that Rani did not experience past persecution. The hardships endured by Rani—(1) being beaten and robbed on one occasion, and (2) having her home robbed and vandalized when she was not

2

present—are substantially similar to those faced by the petitioner in

*Prasad v. INS*, 47 F.3d 336 (9th Cir. 1995), where we held that the evidence did

not compel the conclusion that the petitioner was subjected to persecution. Rani

has therefore failed to meet her burden to show that "no reasonable factfinder

could fail to find" the existence of past persecution. *Elias-Zacarias*, 502 U.S. at

484. Indeed, we have typically required much more extreme harm to hold that the

record compels a finding of past persecution. *See, e.g.*, *Chand v. INS*, 222 F.3d

1066 (9th Cir. 2000); *Surita v. INS*, 95 F.3d 814, 819-21; (9th Cir. 1996); *Prasad v.

INS*, 101 F.3d 614, 616-17 (9th Cir. 1996); *cf. Wakkary v. Holder*, 558 F.3d 1049,

1059-60 (9th Cir. 2009).

**2.**     While Rani argues that she has demonstrated a well-founded fear of future

persecution even in the absence of past persecution, a prior decision of this Court

forecloses this argument. *See Rani v. Holder*, 441 F. App'x 496 (9th Cir. 2011).

**3.**     Because Rani has failed to show she is eligible for asylum, she has

"necessarily fail[ed] to satisfy the more stringent standard for withholding of

removal." *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

**4.**     Other than to reassert her contention that she has suffered past persecution,

Rani has done little to explain how the BIA's order denying her motion to reopen

was "arbitrary, irrational, or contrary to law." *Singh*, 295 F.3d at 1039. Nor has

3

Rani argued that the BIA did not sufficiently consider the evidence. Accordingly, we find that the BIA did not abuse its discretion in denying Rani's motion to reopen.

**PETITION DENIED.**